IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELITA ASUNCION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 11-651-JPG-CJP |
| | ) |
| MICHAEL J. AS TRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM and ORDER

This matter comes before the Court on defendant's Motion to Remand (Doc. 10). Defendant filed his motion before he filed an answer, seeking remand because significant portions of the transcript of the administrative hearing are inaudible.

A social security case may be remanded to the agency under sentence four or sentence six of 42 U.S.C. 405(g). Sentence four and sentence six remands are the only type of remands available to the Court under 42 U.S.C. 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991); *Richmond v. Chater* 94 F.3d 263, 268 (7th Cir. 1996).

The Commissioner is seeking remand pursuant to sentence six of 42 U.S.C. 405(g). That sentence provides as follows:

> The court may, on motion of the Commissioner of Social Security made **for good cause shown** before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision,

and a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. [emphasis added.]

The Court is authorized to remand pursuant to sentence six where, as here, the Commissioner moves for remand before filing his answer and shows good cause for remand. An inaudible hearing tape constitutes good cause for remand within the meaning of sentence six. *See,* House Conference Report No. 96-944, 96th Cong. 2d Sess. 59 (1980).

In a sentence six remand, the Court does not rule upon the correctness of the agency's final decision denying benefits, or enter judgment for either party. Rather, the court holds its file open, and, after additional administrative proceedings, the Commissioner must return to court and file any additional or modified findings of fact and decision, and a transcript of the additional evidence. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Seventh Circuit has described the effect of a sentence six remand as follows:

> Sentence six allows the court to remand for the receipt of new evidence, but without entering a judgment determining the propriety of the decision previously rendered. *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), holds that a sentence-four remand, which depends on a finding of error in the Commissioner's decision, is appealable under § 1291 as a final decision, while a sentence-six remand is not final or appealable because no adjudication has taken place. *See also Forney v. Apfel,* 524 U.S. 266, 118 S.Ct. 1984, 141 L.Ed.2d 269 (1998). A sentence-four remand concludes the litigation in the district court; any protest about the Commissioner's decision on remand requires a new suit. But a sentence-six remand works like a yo-yo; once the record has been enlarged, the district court finally decides whether the administrative decision is tenable.

*Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999).

The Court finds that the Commissioner has demonstrated good cause for a sentence six remand. The Court therefore **GRANTS** defendant's Motion to Remand (Doc. 10) and orders this case remanded to the Commissioner for the purpose of holding an evidentiary hearing and

completing the record, pursuant to **sentence six (6) of 42 U.S.C. 405(g)**.  In order to avoid any extended delays that might unduly burden or prejudice plaintiff, the Court urges the Commissioner to expedite the handling of this matter.

    **IT IS SO ORDERED.**

    **DATE: November 21, 2011**


                                          s/   J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **U. S. DISTRICT JUDGE**